THOMAS E. MOSS
UNITED STATES ATTORNEY
**WENDY J. OLSON**
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WELLS FARGO BUILDING
877 WEST MAIN STREET, SUITE 201
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
**MAILING ADDRESS:**
  **BOX 32**
  **BOISE, IDAHO 83707**

Rec'd U.S. Courts
Filed
JUN 1 n 2003
Cameron S. Burke
Clerk, Idaho

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 03-33-S-BLW |
| Plaintiff, | ) | **RULE 11 PLEA AGREEMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| **WILLIAM RICHARD KNOX,** | ) | |
| Defendant. | ) | |
| | ) | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.   GUILTY PLEA ............................................... 1
     A.   Summary of Terms ................................... 1
     B.   Elements of the Crime .............................. 1
     C.   Factual Basis ...................................... 2

II.  SENTENCING FACTORS ...................................... 3
     A.   Maximum and Minimum Penalties ...................... 3
     B.   Application of Sentencing Guidelines ............... 3
     C.   No Right to Withdraw Plea .......................... 3
     D.   Recommendations and Requests ....................... 4
          1.   Upward Departure .............................. 4
          2.   Acceptance of Responsibility .................. 4
          3.   No Other Request for Downward or Upward Departures ............. 5
          4.   Conditions of Supervised Release/Sex Offender Treatment. .......... 5
          5.   Agreement to Forfeiture of Computer. .......................... 7
     E.   Fines, Costs, and Restitution ...................... 9
     F.   Special Assessment ................................. 9
     G.   Supervised Release ................................. 9
     H.   Providing Information for the Presentence Report ........ 10

III. WAIVER OF APPEAL RIGHTS ................................ 10

IV.  CONSEQUENCES OF VIOLATING AGREEMENT .................... 11
     A.   Government's Options ............................... 11
     B.   Defendant's Waiver of Rights ....................... 11
     C.   Perjury, False Statements, or Other Crimes ......... 12

V.   MISCELLANEOUS .......................................... 13
     A.   No Other Terms ..................................... 13

VI.  UNITED STATES' APPROVAL ................................ 13

ACCEPTANCE BY DEFENDANT AND COUNSEL .......................... 13

i

## I.   GUILTY PLEA

A.   **Summary of Terms.** Pursuant to Rule 11(e)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the defendant, the attorney for the defendant, and the Government agree that the defendant will plead guilty to the Indictment pending against him and agree to an upward departure from the applicable sentencing guidelines range to an offense level of 23, with a guidelines range of 46-57 months. More specifically, the parties agree as follows:

The indictment charges the defendant with two counts of using and attempting to use a facility of interstate commerce, a computer, to knowingly induce and entice a person under the age of 18 to engage in sexual activity, in violation of Title 18, United States Code, Section 2422(b).

Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this Agreement, including the sentencing recommendation for an upward departure set forth below, the State of Idaho agrees that it will not charge him with any violations of state criminal statutes arising out of his conduct in this case, and the United States agrees not to charge him with any other federal criminal offense arising out of the investigation in this case including possession or distribution of child pornography found on his e-mail account during a consensual search of that account in February of 2003 following the defendant's arrest in the District of Idaho. Venue for these offenses lies in the Middle District of Tennessee. The Defendant acknowledges, agrees, and waives objection to the fact that the Court will consider "relevant conduct" arising out of these potential criminal charges in arriving at an appropriate sentence pursuant to Section 1B1.3 of the Sentencing Guidelines.

B.   **Elements of the Crime.** The elements of the crime of using a facility of interstate commerce to persuade or entice a person under the age of 18 to engage in sexual activity, as charged in Counts One and Two of the Indictment, are as follows:

(i)    First, The defendant used a means of interstate commerce;

(ii)   Second, The defendant knowingly enticed, induced, or persuaded--or attempted to do so--a person under the age of 18 to engage in sexual activity;

PLEA AGREEMENT - 1

        (iii)    Third, The defendant knew or believed that the person was under the age of 18; and

        (iv)    Fourth, the sexual activity was in violation of a criminal offense, in this case Idaho 18-1508(A), sexual battery of a 16 or 17 year old.

    **C.**   **Factual Basis.** If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt, which facts accurately represent the defendant's readily provable offense conduct. This factual summary is not intended to detail all relevant conduct, or cover all specific offense characteristics, which will be determined by the Court after its consideration of the Presentence Report.

    Beginning in the summer of 2002, the defendant, William Richard Knox, who was 48 at the time, made contact with a 16-year-old Boise girl via the internet. At least by September 30, 2002, the defendant began communicating with this 16-year-old girl about sexual activity, and soon thereafter made plans to travel to Boise to engage in sexual activity with her. E-mails sent by the defendant to this 16-year-old girl prior to October 18, 2002, stated that he wanted to engage in sexual activity with her when he arrived in Idaho. On October 18, 2002, the defendant traveled to Boise and spent a night in a local hotel with this 16 year-old girl where they engaged in repeated sexual activity, including sexual intercourse.

    In late November of 2002, after local law enforcement authorities were contacted, Special Agent Mary Martin of the Federal Bureau of Investigation took over this 16-year-old girl's on-line identity. After that date, the defendant continued to communicate over the internet with the person he believed to be the 16-year-old girl with whom he engaged in sexual activity on October 18, 2002. Between late November of 2002 and February 21, 2003, the defendant sent e-mails and engaged in internet "chats" with Special Agent Martin, believing her to be a 16-year-old girl, in which he made repeated sexual references, made repeated references to the sexual activity engaged in on October 18, 2002, and made repeated references to his desire to return to Boise for additional sexual activity. The defendant did travel to Boise on February 21, 2003, to engage in sexual activity with whom he believed would be the same 16-year-old girl

PLEA AGREEMENT — 2

1   with whom he had engaged in sexual activity on October 18, 2002. The defendant was arrested

2   at the Boise Airport.

3       Idaho Code Section 18-1508A, "Sexual battery of a minor child, sixteen or seventeen

4   years of age", provides that it is a felony for a person at least five years of age older than a 16

5   year old or a 17 year old to commit any lewd or lacivious act on the body of the 16 or 17 year

6   old, including genital to genital contact, oral-genital contact, anal-genital contact and oral-anal

7   contact.

8   **II.    SENTENCING FACTORS**

9       **A.    Maximum and Minimum Penalties.** A violation of 18 U.S.C. §2422(b) as

10  charged in both counts of the indictment, is punishable by a term of imprisonment of up to

11  fifteen years, a maximum fine of $250,000, and a maximum term of supervised release of three

12  years.

13      **B.    Application of Sentencing Guidelines.** Defendant understands that he will be

14  sentenced under the Federal Sentencing Guidelines and that: (1) the sentence has not yet been

15  determined by the District Judge; (2) any estimate of the likely sentence received from any

16  source is a prediction and not a promise, and (3) the District Judge has the final authority to

17  decide what the sentence will be.

18      The defendant also understands that the Court will determine the applicable sentencing

19  factors at sentencing and that the Court's determination will affect the sentence range under the

20  Sentencing Guidelines. While the Court may take the recommendations of the parties into

21  account in determining the sentence to be imposed, the Court has complete discretion to impose

22  a sentence other than the sentence recommended, including the maximum sentence possible for

23  the crimes to which defendant has pled.

24      **C.    No Right to Withdraw Plea.** The defendant understands that the Court is not

25  bound to follow any recommendations or requests made by the parties. If the Court refuses to

26  follow such recommendations or requests, the defendant will not be given the opportunity to

27  withdraw his plea(s).

28

PLEA AGREEMENT – 3

**D.    Recommendations and Requests**

    1.    **Upward Departure.** In return for the State of Idaho's agreement not to prosecute him for violation of Idaho Code 18-1508A and in return for the United States' agreement not to prosecute him for violation of 18 U.S.C. §2252(a)(2), distribution of child pornography, the defendant and the United States agree that an upward departure to an offense level of 23, with a guidelines range of 46-57 months is appropriate and will make such a recommendation at sentencing. The parties anticipate that an upward departure of between two and five levels will be necessary to reach an offense level of 23.

    2.    **Acceptance of Responsibility.** Unless the Government learns of new information to the contrary, defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under Section 3E1.1(a) of the Sentencing Guidelines, if the defendant accepts responsibility for the offense by <u>truthfully admitting the defendant's participation in the offense</u>. The Government will recommend an additional one-level reduction in the combined offense level, under section 3E1.1(6), if the following conditions are met: the defendant qualifies for a decrease under section 3E1.1(a); the offense is level 16 or greater; and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps: (1) timely providing complete information to the government concerning his own involvement in the offense; <u>or</u> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

    If, at any time prior to imposition of sentence, the Defendant fails to meet the criteria set out in Section 3E1.1 of the Sentencing Guidelines, or acts in a manner inconsistent with

PLEA AGREEMENT - 4

1   acceptance of responsibility, the Government will not make such a recommendation or, if one

2   has already been made, it will withdraw the recommendation. The criteria and acts which are

3   inconsistent with acceptance of responsibility include: (1) failure to admit a complete factual

4   basis for the plea at the time it is entered, or (2) denial of involvement in the offense, giving

5   conflicting statements about that involvement, or being untruthful with the Court or Probation

6   Officer, or (3) failure to appear in Court, or (4) engaging in any additional criminal conduct

7   prior to sentencing, or (5) attempting to withdraw the plea(s).

8       3.   **No Other Request for Downward or Upward Departures**. The

9            defendant and the United States agree that neither party will request a

10           downward or upward departure other than as set forth above.

11      4.   **Conditions of Supervised Release/Sex Offender Treatment**. The

12           defendant and the United States further agree that the defendant will be

13           subject to the following conditions of supervised release and sex offender

14           treatment. Psycho-Sexual Assessment -- The defendant will submit to a

15           sex offender evaluation pursuant to 18 U.S.C. Section 3552(b). The

16           parties recommend that this occur before sentencing. A qualified mental

17           health professional experienced in treating and managing sexual

18           offenders, such as a member of the Association for the Treatment of

19           Sexual Abusers (ATSA), will conduct the evaluation. The defendant

20           agrees to submit to all evaluation procedures, including phallometry and

21           polygraph testing. The defendant also agrees to waive any right to

22           confidentiality and allow the treatment provider to supply a written report

23           to the United States Probation Department, which report will be shared

24           with the parties and considered by the Judge at the time of sentencing in

25           determining the appropriate sentence and conditions of Supervised

26           Release. *See, e.g., United States v. Loy*, 191 F.3d 360, 370 (3d Cir.

27           1999), *cert. denied* 120 S.Ct. 1429 (2000).

28

PLEA AGREEMENT – 5

The parties agree to recommend that the Court impose the maximum term of supervised release allowed by law, and that the Court include the following conditions, beyond the standard conditions of supervised release:

    a    the defendant may not have contact with children under the age of eighteen unless approved in advance, in writing, by his probation officer;

    b    the Defendant may not possess or use a computer, except, if it becomes necessary for him to use a computer for purposes of employment or school, he must obtain prior permission in writing from his probation officer, and then he may not use a computer connected to the Internet;

    c    the defendant will not reside or loiter within 100 yards of schoolyards, parks, playgrounds, arcades or other places primarily used by children under the age of eighteen;

    d    the defendant will not possess any pornography involving minors or sexually oriented material involving minors;

    e    the defendant will participate in polygraph testing to monitor his compliance with supervised release and treatment conditions, at the direction of his probation officer and/or treatment staff;

    f    the defendant will participate in evaluation for sexual deviancy by a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA);

    g    the defendant will successfully complete any course of treatment related to his offense, as directed by his probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy by a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA); and

PLEA AGREEMENT - 6

h    the defendant will be subject to a search of his person, home or vehicle, and any objects or materials found therein, at the discretion of his probation officer.

i    Conditional Use/Derivative Use Immunity - As a condition of court-mandated evaluation and treatment, the defendant will be required truthfully to reveal his entire sexual history, including the possibility of other crimes. In recognition of the fact that full disclosure of that history is a necessary component of effective treatment, the government agrees that the defendant's admissions during court-ordered psycho-sexual evaluation and sex offender treatment, to sexual crimes (*excluding homicide*) previously undisclosed to any law enforcement entity, will not be used against the defendant in a new criminal prosecution. *See* 18 U.S.C. 6002 and *Kastigar v. United States*, 406 U.S. 441 (1972). However, the government expressly conditions this use immunity, and derivative use immunity, upon: 1) the defendant successfully completing sexual deviancy treatment, and 2) the defendant not materially violating the rules of supervised release, and/or committing a sexual crime or a crime involving the sexual exploitation of children after the date of this agreement. If the defendant fails to complete all aspects of treatment, or fails to comply with all supervised release requirements, or reoffends as described above, then this immunity agreement is rescinded and the government may attempt active prosecution

5.    **Agreement to Forfeiture of Computer.**

The defendant agrees to immediately and voluntarily forfeit to the Government the following property:

> **Dell Dimension 4500 Computer, SN: 6BR5Q11;**
> **Surfboard SB3100 Cable Modem, SN: 01XS35GFB8F9; and**
> **Two Power Cords.**

PLEA AGREEMENT - 7

The defendant represents and warrants to the Government that he is the sole and exclusive owner of the property listed above, and that no other person or entity has any interest in such property. The defendant understands and acknowledges that the Government is relying upon the defendant's representations in entering into this plea agreement. If defendant's representations are false or inaccurate, the Government may pursue any and all forfeiture remedies available at law or equity on the basis of the violations covered by this plea agreement.

The defendant agrees to the forfeiture of the property described above in a separate civil forfeiture proceeding brought pursuant to Title 18 United States Code Section 2254 generally, under authority of 18 U.S.C. § 2254(a)(2), and if the plea agreement is withdrawn for any reason, defendant agrees to waive any right to contest the civil forfeiture whether it is already completed by final judgment or is still underway as to such property.

The defendant also agrees to waive any double jeopardy, *ex post facto*, excessive fines clause, statute of limitations, statutory notice, or other claims as to any additional criminal or civil proceedings that may become necessary in order to accomplish the forfeitures as stated above. The defendant agrees to waive any claims, defenses or challenges arising under the requirements of 18 U.S.C. §§ 981 *et seq.*, and 18 U.S.C. § 2254, with respect to the imposition of any forfeiture sanction carried out in accordance with this plea agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

In order to effectuate the Agreement, the defendant agrees to sign--at the Government's option--a consent decree for separate civil

PLEA AGREEMENT – 8

1   forfeiture, such consent to be signed and filed in this criminal case at or

2   before the time of sentencing, or a Stipulation for Judgment of Forfeiture

3   to be filed in the civil case. The defendant further agrees not to contest

4   the above-referenced civil forfeiture action brought against the referenced

5   property. The defendant further acknowledges and agrees that the

6   agreed-to cooperation in the separate civil forfeiture of the referenced

7   property shall be a condition of his supervised release.

8       **E.**    **Fines, Costs, and Restitution.** Unless the Court determines that the defendant

9   will not reasonably be able to pay a fine, or that paying a fine will unduly burden any of the

10  defendant's dependents, a fine shall be imposed. There is no agreement as to the amount of the

11  fine. The Court may also order the defendant to pay the costs of imprisonment, probation, and

12  supervised release. In addition to imposing a fine, the Court, pursuant to 18 U.S.C. §§

13  3563(b)(3), 3583, and 3663-64, and Section 5E1.1 of the Sentencing Guidelines, may order

14  defendant to pay restitution in an amount equal to the loss caused to any victim of the offenses

15  charged in the Indictment.

16      **F.**    **Special Assessment.** Defendant will pay a special assessment of $100 on the

17  count of conviction, in addition to any fine imposed. This assessment will be paid by defendant

18  before sentence is imposed, and defendant will furnish a receipt at sentencing. Payment is to be

19  made to the United States District Court, Clerk's Office, Federal Building and United States

20  Courthouse, 550 W. Fort Street, Fourth Floor, Boise, Idaho 83724.

21      **G.**    **Supervised Release.** The defendant will be sentenced to a term of supervised

22  release to be served after incarceration. The defendant's term of supervised release will be a

23  specific (i.e., a determinate) term chosen by the Court at sentencing. The combination of prison

24  time and supervised release is permitted, by law, to exceed the maximum term of incarceration

25  allowed under the statute(s) that defendant is pleading guilty to violating. Violation of any

26  condition of supervised release may result in defendant being imprisoned for the entire term of

27  supervised release or being prosecuted for contempt of court under 18 U.S.C. § 401(3).

28

PLEA AGREEMENT – 9

1    **H.     Providing Information for the Presentence Report.** The defendant agrees to

2    provide all material financial and other information as may be requested by a representative of

3    the United States Probation Department for their use in preparing a Presentence Report. Failure

4    to execute releases and/or provide such material information as may be required is a violation of

5    the terms of this Agreement, and will relieve the Government of its obligations as set forth in

6    this Agreement, and may subject the defendant to an enhancement under Guidelines Section

7    3C1.1, or provide grounds for an upward departure under Section 5K2.0 of the Sentencing

8    Guidelines, but will not constitute grounds for withdrawing the plea of guilty.

9    **III.     WAIVER OF APPEAL RIGHTS**

10   The defendant is aware that 18 U.S.C. §3742 affords him the right to appeal the sentence

11   imposed in this case. Acknowledging this, in exchange for the other terms of this Agreement,

12   the defendant knowingly and voluntarily gives up (waives) all appeal rights he may have

13   regarding both his conviction and sentence, including any restitution or forfeiture order, or to

14   appeal the manner in which the sentence was imposed, unless the sentence exceeds the

15   maximum permitted by statute, or is the result of an incorrect application of the sentencing

16   guidelines to which the defendant filed a proper and timely objection except for issues relating

17   to ineffective assistance of counsel or prosecutorial misconduct.

18   The defendant is also aware that under certain circumstances a defendant has the right to

19   collaterally challenge his sentence through a habeas petition such as a motion pursuant to 28

20   U.S.C. §2255. Acknowledging this, in exchange for the other terms of this Agreement, the

21   defendant knowingly and voluntarily gives up (waives) his right to contest his pleas, conviction,

22   or sentence in any post-conviction proceeding, including any proceeding authorized by 28

23   U.S.C. §2255, except as to an appeal claiming ineffective assistance of counsel or prosecutorial

24   misconduct based upon facts discovered <u>after</u> the entry of defendant's guilty pleas.

25   If the defendant knowingly violates any of the terms of this agreement, any guilty plea

26   by the defendant, and any judgment and/or sentence based thereon, shall remain in full force

27   and effect and will not be the subject of any legal challenge by the defendant on appeal or

28   collateral attack.

PLEA AGREEMENT – 10

1    The defendant further understands that nothing in this Plea Agreement shall affect the
2  Government's right and/or duty to appeal as set forth in 18, U.S.C. §3742(b).

3  **IV.    CONSEQUENCES OF VIOLATING AGREEMENT**

4    **A.    Government's Options.** If the defendant fails to comply with any obligation or
5  promise pursuant to this Agreement, the Government may withdraw from the Agreement in its
6  entirety. In such an event, the defendant understands that he will not be permitted to withdraw
7  his guilty plea.

8    The defendant's violation of this Agreement will also relieve the Government of any
9  obligation not to prosecute the defendant on other charges, including any charges dismissed as
10  part of this Agreement, or any other offenses known to the Government for which he is
11  responsible, including perjury and obstruction of justice.

12    The defendant further understands and agrees that if defendant does not enter a valid and
13  acceptable plea, the Government will move to further continue the trial now set. The defendant
14  agrees not to contest such a continuance, and agrees that the resulting delay would be
15  excludable time under 18 U.S.C. §§3161(h)(1)(I), (h)(3)(A), or (h)(8)(A). This continuance will
16  be necessary to allow the Government adequate time to prepare for trial.

17    If the defendant breaches this Agreement after sentence is imposed, the Government will
18  have the right to move to vacate the defendant's conviction so that such charges may be re-
19  prosecuted.

20    If there is a dispute regarding the obligations of the parties under this Agreement, the
21  United States District Court shall determine whether the Government or the defendant has failed
22  to comply with this Agreement, including whether the defendant has been truthful.

23    **B.    Defendant's Waiver of Rights.** Defendant agrees that if defendant fails to keep
24  any promise made in this Agreement, defendant gives up: (1) the right not to be placed twice in
25  jeopardy for the offenses to which defendant entered a plea of guilty or which were dismissed
26  under this Agreement; (2) any right under the Constitution and laws of the United States to be
27  charged or tried in a more speedy manner for any charge that is brought as a result of
28  defendant's failure to keep this Agreement; and (3) the right to be charged within the applicable

PLEA AGREEMENT    11

1   statute of limitations period for any charge that is brought as a result of defendant's failure to
2   keep this Agreement, and on which the statute of limitations expired after defendant entered
3   into this Agreement.

4          Furthermore, the defendant understands that by entering a plea of guilty, if that plea is
5   accepted by the Court, there will be no trial and he will have waived (given up) his right to a
6   trial as well as the following rights associated with a trial: that he has a right to plead not guilty
7   to the offenses charged against him and to persist in that plea; that he has the right to a trial by
8   jury; that at trial he would be presumed innocent and the government would have to prove guilt
9   beyond a reasonable doubt; and that he would have the right to assistance of counsel for his
10  defense; the right to see and hear all the witnesses and have them cross-examined in his defense,
11  the right to decline to testify unless he voluntarily elected to do so in his own defense, and the
12  right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses
13  to testify in his defense, or if he decided not to testify or put on any evidence, that these facts
14  would not be held against him.

15         The defendant understands that by pleading guilty he waives (gives up) all of the rights
16  set forth above. The defendant understands that if he enters a plea of guilty, no trial will, in
17  fact, occur and that the only thing remaining to be done in this case is the sentencing hearing, at
18  which only matters concerning the nature of the sentence to be imposed by the Court are to be
19  heard and decided by the Court.

20         **C.      Perjury, False Statements, or Other Crimes.** The Government agrees to bring
21  no further charges against the defendant arising from information learned during the
22  investigation which brought about this plea, except for crimes of violence as defined in 18
23  U.S.C. §924(c)(3), if any. Nothing in this Agreement shall be construed to protect the
24  defendant in any way from prosecution for perjury, obstruction of justice, false declaration, or
25  false statements, as defined by the law of any sovereign, or any other offense committed by the
26  defendant after the date of this Agreement. Any information, statements, documents, and
27  evidence which the defendant provides the Government pursuant to this Agreement may be
28  used against him in any such prosecutions.

PLEA AGREEMENT – 12

## V.   MISCELLANEOUS

A.   <u>No Other Terms</u>. This Agreement incorporates the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho. If requested to do so by the defendant or his counsel, the Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities.

## VI.   UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

THOMAS E. MOSS
UNITED STATES ATTORNEY

By:

_____                    Jun 15, 2003
WENDY J. OLSON                                    Jun 3, 2003
Assistant United States Attorney                  DATE


_____          _____
SHELLY ARMSTRONG                        WILLIAM COHEN
Ada County Prosecutor                   Assistant United States Attorney
Boise, Idaho                            Middle District of Tennessee

## ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon the potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning any plea to be entered in this case.

PLEA AGREEMENT -- 13

1  In addition, no person has, directly or indirectly, threatened or coerced me to do, or refrain from

2  doing, anything in connection with any aspect of this case, including entering a plea of guilty. I

3  am satisfied with my attorney's advice and representation in this case.

4

5                                         21 May 2003

6  **WILLIAM RICHARD KNOX**           DATE
   Defendant                           6/16/03

7       I have read this Plea Agreement and have discussed the contents of the agreement with

8  my client. I am satisfied that my client understands this Plea Agreement. The Plea Agreement

9  accurately and completely sets forth the entirety of the agreement. I concur in my client's

10  decision to plead guilty as set forth above.

11

12                                     5/21/03

13  **TOM MONAGHAN**            DATE
   Attorney for the Defendant          6/16/03

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   PLEA AGREEMENT — 14

## V.    MISCELLANEOUS

**A.    No Other Terms**. This Agreement incorporates the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho. If requested to do so by the defendant or his counsel, the Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities.

## VI.    UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

THOMAS E. MOSS
UNITED STATES ATTORNEY

By:

_____                    _____
**WENDY J. OLSON**                                    DATE
Assistant United States Attorney


_____                    _____
**SHELLY ARMSTRONG**                              **WILLIAM COHEN**
Ada County Prosecutor                          Assistant United States Attorney
Boise, Idaho                                   Middle District of Tennessee

## ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon the potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning any plea to be entered in this case.

PLEA AGREEMENT - 13

1 **V.    MISCELLANEOUS**

2       **A.    No Other Terms.** This Agreement incorporates the complete understanding

3 between the parties, and no other promises have been made by the Government to the defendant

4 or to the attorney for the defendant. This Agreement does not prevent any governmental agency

5 from pursuing civil or administrative actions against defendant or any property. Unless an

6 exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement

7 does not bind or obligate governmental entities other than the United States Attorney's Office

8 for the District of Idaho. If requested to do so by the defendant or his counsel, the Government

9 will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities.

10 **VI.    UNITED STATES' APPROVAL**

11       I have reviewed this matter and the Plea Agreement. I agree on behalf of the United

12 States that the terms and conditions set forth above are appropriate and are in the best interests

13 of justice.

14

15 THOMAS E. MOSS
   UNITED STATES ATTORNEY

16 By:

17

18 **WENDY J. OLSON**                                    DATE
   Assistant United States Attorney

19

20

21 **SHELLY ARMSTRONG**                                **WILLIAM COHEN**
   Ada County Prosecutor                              Assistant United States Attorney
22 Boise, Idaho                                        Middle District of Tennessee

23            **ACCEPTANCE BY DEFENDANT AND COUNSEL**

24       I have read and carefully reviewed every part of this Plea Agreement with my attorney.

25 I understand the Agreement and its effect upon the potential sentence. Furthermore, I have

26 discussed all of my rights with my attorney and I understand those rights. No other promises or

27 inducements have been made to me, directly or indirectly, by any agent of the Government,

28 including any Assistant United States Attorney, concerning any plea to be entered in this case.

PLEA AGREEMENT — 13