
**ORIGINAL**

THOMAS E. MOSS
UNITED STATES ATTORNEY
**WENDY J. OLSON**
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WELLS FARGO BUILDING
877 WEST MAIN STREET, SUITE 201
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
**MAILING ADDRESS:**
  **BOX 32**
  **BOISE, IDAHO 83707**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cr. No. 03-33-S-BLW |
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION FOR UPWARD DEPARTURE PURSUANT TO U.S.S.G. §5K2.21 |
| **WILLIAM RICHARD KNOX,** | |
| Defendant. | |

The United States of America, through the undersigned Assistant United States Attorney, respectfully moves this Court for an upward departure pursuant to U.S.S.G. §5K2.21 of five levels from the total adjusted offense level of eighteen set forth in the presentence investigation report in this case. The upward departure, which was agreed to by the defendant in his written plea agreement, is based on the United States, through the United States Attorney's Office for the Middle District of Tennessee, agreeing to forego federal charges in connection with the child pornography found on the defendant's home computer and on the State of Idaho, through the Ada County Prosecutor's Office, agreeing to forego state charges based on the defendant's sexual contact with a 16-year-old Boise girl on October 18, 2002.

Sentencing in this case is set for Friday, October 24, 2003, at 11 a.m.

GOVERNMENT'S MOTION FOR UPWARD
DEPARTURE PURSUANT TO U.S.S.G. §5K2.21      1

## FACTUAL BACKGROUND

Beginning in the summer of 2002, the defendant, William Richard Knox, who was 48 at the time, made contact with a 16-year-old Boise girl over the internet. At least by September 30, 2002, the defendant began communicating with this 16-year-old girl about sexual activity, and soon thereafter made plans to travel to Boise to engage in sexual activity with her. E-mails sent by the defendant to this 16-year-old girl prior to October 18, 2002, stated that he wanted to engage in sexual activity with her when he arrived in Idaho. On October 18, 2002, the defendant traveled to Boise and spent a night in a local hotel with this 16 year-old girl where they engaged in repeated sexual activity, including sexual intercourse.

In late November of 2002, after local law enforcement authorities were contacted, Special Agent Mary Martin of the Federal Bureau of Investigation took over this 16-year-old girl's on-line identity. After that date, the defendant continued to communicate over the internet with the person he believed to be the 16-year-old girl with whom he engaged in sexual activity on October 18, 2002. Between late November of 2002 and February 21, 2003, the defendant sent e-mails and engaged in internet "chats" with Special Agent Martin, believing her to be a 16-year-old girl, in which he made repeated sexual references, made repeated references to the sexual activity engaged in on October 18, 2002, and made repeated references to his desire to return to Boise for additional sexual activity. The defendant did travel to Boise on February 21, 2003, to engage in sexual activity with whom he believed would be the same 16-year-old girl with whom he had engaged in sexual activity on October 18, 2002. The defendant was arrested at the Boise Airport.

At approximately the same time the defendant was arrested, federal law enforcement officers in Nashville, Tennessee, executed a search warrant at the defendant's home, seizing the computer and related items that the defendant used to communicate with the 16-year-old girl and with Special Agent Martin posing as the 16-year-old girl. During the search of the computer seized from the defendant's home, law enforcement officers found e-mails containing attachments that included visual images of minors engaging in sexually explicit activity. Some of the images were of very

young children. The defendant admitted both his sexual contact with the 16-year-old girl and his possession of child pornography. As an express part of the plea agreement, the United States Attorney's Office for the Middle District of Tennessee agreed not to charge the defendant under this statute in exchange for his agreeing to be sentenced by this Court at the guidelines range of 46-57 months.

Idaho Code Section 18-1508A, "Sexual battery of a minor child sixteen or seventeen years of age", provides that it is a felony for a person at least five years of age older than a 16 year old or a 17 year old to commit any lewd or lacivious act on the body of the 16 or 17 year old, including genital to genital contact, oral-genital contact, anal-genital contact and oral-anal contact. As an express part of the plea agreement, the Ada County Prosecutor's Office agreed not to charge the defendant under this statute in exchange for his agreeing to be sentenced by this Court at the guidelines range of 46-57 months.

**ARGUMENT**

Section 5K2.21 of the United States Sentencing Guidelines provides that

> The court may increase the sentence above the guideline range to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any or reason; and (2) that did not enter into the determination of the applicable guideline range.

In this case, as part of the plea agreement, the State of Idaho and the United States agreed not to charge the defendant with additional crimes in exchange for his plea of guilty to the two counts of using a computer to entice a minor to engage in sexual activity, in violation of 18 U.S.C. 2422(b), charged against him in the pending indictment. Specifically, the State of Idaho, through the Ada County Prosecutor's Office, agreed not to charge the defendant with Idaho Code Section 18-1508A, "Sexual battery of a minor child sixteen or seventeen years of age", a felony. That charge would have

GOVERNMENT'S MOTION FOR UPWARD
DEPARTURE PURSUANT TO U.S.S.G. §5K2.21                3

been based on the defendant's conduct with the 16-year-old Boise girl at an airport hotel during the night of October 18, 2002. In addition, the United States, through the United States Attorney's Office for the Middle District of Tennessee, which had venue, agreed not to charge the defendant with possession or distribution of child pornography, in violation of 18 U.S.C. §2252. In return for the State of Idaho and the United States agreeing not to bring these additional charges, the defendant agreed to an upward departure from the applicable guidelines range to a range of 46-57 months.

The presentence investigation report set forth a total adjusted offense level of 18, criminal history category I, with a guidelines range of 27-33 months. To reach a guidelines range of 46-57 months, the Court would need to depart upward five levels. The extent of the requested departure in this case is based on the sentence the defendant would have received had he been charged with and convicted of the readily provable offenses not charged against him by the State of Idaho and the United States Attorney's Office for the Middle District of Tennessee. For example, the statutory maximum penalty for violation of Idaho Code Section 18-1508A is life imprisonment; however, according to Ada County Deputy Prosecutor Shelly Armstrong, based on sentences imposed in similar cases, the defendant likely would have received approximately a 10 year indeterminate prison term.

In addition, the United States believes that, had the defendant been convicted under 18 U.S.C. §2252(a)(2) for distributing child pornography, the guidelines would have applied as follows: (1) USSG §2G2.2(a)–base offense level of 17; (2) §2G2.2(b)(1) material involving a minor under the age of 12–increase by two levels; (3) §2G2.2(b)(5) computer used for transmission of material–increase by two levels; (4) total offense level of 21. If the defendant waived venue and pled guilty to this charge in the District of Idaho, under §3D1.2 the distribution of child pornography offense would not group with the offenses charged in the indictment; thus, under §3D1.4 an additional two levels would be added for an adjusted total offense level of 23. After a three level reduction for acceptance of responsibility, the defendant's adjusted total offense level would be 20, with a guidelines range of 33-41 months. If the defendant pled guilty to this offense in the Middle District of Tennessee, he could

be sentenced at an offense level of 18 after a three offense level reduction for acceptance of responsibility. However, such a sentence could have been imposed consecutive to the offenses to which he has pled guilty here.

As the parties agreed as an integral part of the plea agreement in this case, a sentencing guidelines range of 46-57 months adequately captures the seriousness of the defendant's conduct and approximates the total period of imprisonment he could have received had he been charged with and convicted of the readily provable state and federal offenses that the Untied States and the State of Idaho agreed not to charge in this case. However, by agreeing to a term of imprisonment above the guidelines in this case, the defendant is able to forego additional proceedings in other jurisdictions with the possibility that his total prison time would exceed the 46-57 months range.

Furthermore, the uncharged conduct did not enter into a determination of the applicable guidelines range. Although the defendant's conduct with the 16-year-old girl and his possession and distribution of child pornography are described in the presentence investigation report, none of that conduct is considered relevant conduct under §1B1.4 and none of that conduct is captured in either the base offense level or the only specific offense characteristic, §2G1.1(b)(5)(B) used in the presentence investigation report. See Presentence Investigation Report, paras. 43, 44. Thus, an increase of five levels is appropriate under §5K2.21 and the plea agreement.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court depart upward five levels from the guidelines range set forth in the presentence investigation report to reach a sentencing guidelines range of 46-57 months.

Respectfully submitted this 2nd day of October, 2003.

THOMAS E. MOSS
United States Attorney

Wendy Olson
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of GOVERNMENT'S MOTION FOR UPWARD DEPARTURE PURSUANT TO U.S.S.G. §5K2.21 was mailed, postage prepaid, to the persons named below, this 7th day of October, 2003

Thomas Monaghan
Federal Defenders of
E. Washington & Idaho
350 N. 9th Street, Suite 301
Boise, Idaho 83702

*Pamela Brophy*

GOVERNMENT'S MOTION FOR UPWARD
DEPARTURE PURSUANT TO U.S.S.G. §5K2.21                    7